Micheal W. Bishop, Esq.
State Bar No. 02354860
H. Joseph Acosta, Esq.
State Bar No. 24006731
LOOPER REED & MCGRAW, P.C.
1601 Elm Street, Suite 4600
Dallas, TX 75201
        -And -
Stanley E. Crawford, Jr., Esq.
JOHNSTON & ASSOCIATES, P.C.
400 West Illinois, Suite 1600
Midland, TX 79701

ATTORNEYS FOR APPELLANTS ENDEAVOR
ENERGY RESOURCES, L.P. AND ACME
ENERGY SERVICES, INC. D/B/A BIG DOG
DRILLING AND D/B/A RIG MOVERS EXPRESS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| HERITAGE CONSOLIDATED, LLC, et al., | § | **Case No. 10-36484-HDH-11** |
| Debtors. | § | **(Jointly Administered)** |
| | § | |
| ENDEAVOR ENERGY RESOURCES, L.P. and | § | |
| ACME ENERGY SERVICES, INC. d/b/a BIG | § | |
| DOG DRILLING and d/b/a RIG MOVERS | § | |
| EXPRESS, | § | |
| Appellants, | § | **Civil Action No. 3:12-cv-00640-N** |
| vs. | § | |
| HERITAGE CONSOLIDATED, LLC, and | § | |
| HERITAGE STANDARD CORPORATION | § | |
| Appellees, | § | |
| HERITAGE CONSOLIDATED, LLC AND | § | |
| HERITAGE STANDARD CORPORATION, | § | |
| | § | |
| Third Party Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| TRIUS ENERGY, LLC, | § | |
| | § | |
| Third Party Defendant. | § | |

**MOTION TO DETERMINE THAT APPELLANTS'
APPEAL OF THE BANKRUPTCY COURT'S ORDER ON MOTION TO
DISMISS ADDITIONAL CLAIMS ASSERTED IN AMENDED COMPLAINT
WAS TIMELY FILED WITH THIS COURT, AND/OR ALTERNATIVELY REQUEST
FOR LEAVE TO APPEAL UNDER 28 U.S.C. § 158(A)(3) AND BRIEF IN SUPPORT**

**COMES NOW** Appellants Endeavor Energy Resources, L.P. ("**Endeavor**") and Acme

Energy Services, Inc. d/b/a Rig Movers Express and d/b/a Big Dog Drilling ("**Acme**")

(collectively, "**Appellants**") and file this their "Motion to Determine that Appellants' Appeal of

the Bankruptcy Court's Order on Motion to Dismiss Additional Claims Asserted in Amended

Complaint was Timely Filed with this Court, and/or Request for Leave to Appeal Under 28

U.S.C. § 158(a)(3) and Brief in Support" (the "**Motion**") and respectfully represent as follows:

## I.
## BACKGROUND

### _The Adversary Proceeding_

1.      On September 14, 2010 (the "**Petition Date**"), Debtors Heritage Consolidated,

LLC, and Heritage Standard Corporation (collectively, the "**Debtors**"), filed voluntary petitions

for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"**Bankruptcy Code**").

2.      On January 28, 2011, Appellants filed an adversary proceeding against Debtors

and CIT Capital USA, Inc., on its own behalf and as an administrative agent for undisclosed

lenders (collectively "**CIT**"), in Adversary Proceeding No. 11-03047, in the United States

Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Adversary

Proceeding**").   The original complaint filed by Appellants against Debtors asserted various

causes of action, including a claim for declaratory relief, seeking a determination that Appellants

held valid claims and liens against Debtors and assets of Debtors' bankruptcy estates.

3.      On August 17, 2011, Debtors filed a certain Debtors' Third-Party Complaint (Bk.

Dkt. No. 33) (the "**Third-Party Complaint**") against Trius Energy, LLC ("**Trius**") in the

Adversary Proceeding.  The Adversary Proceeding docket sheet indicates that Trius was served with the Third-Party Complaint but failed to answer the same or even appear in any manner.  A true and correct copy of the Third-Party Complaint is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes.  In sum, through the Third-Party Complaint, Debtors seek contribution and indemnity from Trius for the attorneys' fees and costs incurred by Debtors in the Adversary Proceeding and any amounts that Debtors must have to pay to Appellants as damages in the Adversary Proceeding.  The claims in the Third-Party Complaint, however, do not relate to the merits of the underlying causes of action asserted by Appellants against Debtors.

4.     On May 10, 2011, CIT was non-suited without prejudice by Appellants as a defendant in the Adversary Proceeding.

5.     On September 26, 2011, the Bankruptcy Clerk entered its Clerk's Entry of Default (Bk. Dkt. No. 51) against Trius and in favor of Debtors as Trius had filed no answer to the Third-Party Complaint.

6.     On October 6, 2011, Debtors filed their Third-Party Plaintiffs' Motion for Default Judgment (Bk. Dkt. No. 58), seeking a default judgment against Trius.  A true and correct copy of the Motion for Default Judgment is attached hereto as Exhibit "B" and is incorporated herein by reference for all purposes.

7.     On October 26, 2011, after obtaining leave from the Bankruptcy Court, Appellants filed an amended complaint in the Adversary Proceeding (Bk. Dkt. No. 73), asserting additional claims against Debtors and Debtors' estates for the imposition of a constructive trust and/or equitable lien against certain assets of Debtors' bankruptcy estates (collectively the "**Additional Claims**").  Appellants' amended complaint also added Trius as a defendant and asserted claims for the imposition of a constructive trust and/or equitable lien against the production proceeds of a certain oil and gas well in which Trius may have owned an interest.

8.      On November 18, 2011, after notice and a hearing, the Bankruptcy Court entered that certain Order Granting Third-Party Plaintiffs' Motion for Default Judgment (Bk. Dkt. No. 88) (the "Default Order").   On December 9, 2011, the Court entered that certain Interlocutory Default Judgment against Trius in favor of third-party plaintiffs (Bk. Dkt. No. 95) (collectively, with the Default Order, the "**Default Judgment**").   A true and correct copy of the Default Judgment is attached hereto as Exhibit "C" and is incorporated herein by reference for all purposes.   The Bankruptcy Court has not, however, entered a final judgment in favor of Debtors against Trius.   Moreover, the Interlocutory Default Judgment states, in relevant part:

> Upon final determination of liability and Plaintiffs' Recovery upon motion by the Debtors, the Court shall enter a final judgment against Trius in the total amount of Plaintiffs' Recovery and Debtors' Fees and Costs (the "Underlying Final Default Judgment"), plus pre- and post-judgment interest, and Debtors shall be entitled to the issuance of all writs and processes in the aid of the enforcement of the final default judgment.

(Interlocutory Default Judgment at 2.)

9.      On December 16, 2011, in response to Appellants' Additional Claims, Debtors filed a certain "Motion to Dismiss Additional Claims" (Bk. Dkt. No. 102), seeking to dismiss the Additional Claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

10.     On January 20, 2012, Appellants filed their "Objection to Debtor's Motion to Dismiss Additional Claims Asserted in Amended Complaint" (Bk. Dkt. No. 109 and related brief in support (Bk. Dkt. No. 110)).

***Final Orders by the Bankruptcy***
***Court in the Adversary Proceeding***

11.     On February 10, 2012, after notice and a hearing, the Bankruptcy Court entered that certain "Order on Motion to Dismiss Additional Claims Asserted in Amended Complaint" (Bk. Dkt. No. 117) (the "**Order Dismissing Additional Claims**"), which dismissed the Additional Claims without addressing all of the other claims and causes of action asserted by

Appellants. A true and correct copy of the Order Dismissing Additional Claims is attached hereto as Exhibit "D" and is incorporated herein by reference for all purposes.

12. On February 17, 2012, subsequent to the entry of the Order Dismissing Additional Claims, the Bankruptcy Court entered a separate "Order on Debtors' Motion for Summary Judgment" (Bk. Dkt. No. 120) (the "**Bankruptcy MSJ Order**"), resolving the remaining claims asserted by Appellants against Debtors in the Adversary Proceeding. A true and correct copy of the Bankruptcy MSJ Order is attached hereto as Exhibit "E" and is incorporated herein by reference for all purposes.

13. On February 29, 2012, Trius was non-suited without prejudice by Appellants as a defendant in the Adversary Proceeding.

### *Appeals of Final Orders*

14. Appellants did not file a notice of appeal of the Order Dismissing Additional Claims within fourteen (14) days after the date of entry, because such order was interlocutory since the other claims and causes of action remained to be addressed by the Bankruptcy Court in the Adversary Proceeding against Debtors and Trius at the time.

15. Upon the later of the date of entry of the Bankruptcy MSJ Order and the date of the non-suit of Trius from the Adversary Proceeding (*i.e.*, February 29, 2012), the Bankruptcy MSJ Order and the prior interlocutory Order Dismissing Additional Claims became ripe for appeal to this Court as final orders, pursuant to 28 U.S.C. § 158(a)(1). Accordingly, on March 1, 2012, Appellants timely filed separate Notices of Appeal, appealing (a) the Order Dismissing Additional Claims and (b) the Bankruptcy MSJ Order to the District Court.

16. The primary questions in the two appeals include:

        a) Did the Bankruptcy Court err in entering the "Order Dismissing Additional Claims"?

b)  Did the Bankruptcy Court err in failing to find that a valid constructive trust claim was plead against property of Debtors' bankruptcy estates for the benefit of Appellants?

c)  Did the Bankruptcy Court err in failing to find that Appellants plead a valid equitable lien claim against property of Appellees' bankruptcy estates?

d)  Did the Bankruptcy Court abuse its discretion in failing to grant leave for Appellants to amend their complaint?[1]

17.     On March 1, 2012, the Clerk of the Bankruptcy Court issued a certain notice that purports to indicate that the appeal of the Order Dismissing Additional Claims was filed untimely.  A true and correct copy of the Bankruptcy Court's Deficiency Notice (Bk. Dkt. No. 133) is attached hereto as Exhibit "F" and is incorporated herein by reference for all purposes.  In conjunction therewith, the Bankruptcy Clerk transferred the appellate record regarding the appeal

---

[1] Additional questions in these appeals include:

(a)  Did Appellants plead sufficient facts to state a claim for relief for a constructive trust that is plausible on its face?

(b)  Did Appellants plead sufficient facts to state a claim for relief for an equitable lien that is plausible on its face?

(c)  Did Appellants plead sufficient facts to withstand a motion to dismiss Appellants constructive trust claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure?

(d)  Did Appellants plead sufficient facts to withstand a motion to dismiss Appellants equitable lien claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure?

(e)  Did the Bankruptcy Court err in finding that Appellants failed to plead sufficient plausible facts to show a fiduciary or confidential relationship existed by and between Appellants and Appellees?

(f)  Did the Bankruptcy Court err in finding that Appellants failed to plead sufficient facts to show actual fraud by Appellees?

(g)  Did the Bankruptcy Court err in failing to make any findings on the scope of Appellants' constructive trust and equitable lien claims?

(h)  Did the Bankruptcy Court err in finding that Appellants failed to plead sufficient plausible facts for an equitable lien claim

(i)  Is the Order Dismissing Additional Claims a final order pursuant to 28 U.S.C. §158(a)(1)?  If not, should leave be granted for an interlocutory appeal pursuant to 28 U.S.C. §158(a)(3)?

of the Order Dismissing Additional Claims to this Court and the appeal was docketed under Civil Action No. 3:12-CV-00640-N.

18.     On March 1, 2012, a Notice of Transmission of the Bankruptcy Record on Appeal to this Court was docketed as Dkt. No. 1.

## II.
## ARGUMENTS AND AUTHORITIES

### *The Appeal of the Order*
### *Dismissing Additional Claims is Timely*

19.     The Appeal of the Order Dismissing Additional Claims is timely.  As more fully set forth above, the Order Dismissing Additional Claims merely dismissed some of the claims and causes of action asserted by Appellants in the Adversary Proceeding and also did not address the claims asserted by Appellants against Trius.  Therefore, the Order Dismissing Additional Claims was not a final order for purposes of appeal until (a) the Bankruptcy Court's entry of the Bankruptcy MSJ Order and (b) the non-suit of Trius from the Adversary Proceeding.  *See In re Wood & Locker, Inc.*, 868 F.2d 139, 144 (5th Cir. 1989) ("[G]iven the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a Bankruptcy Court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an Adversary Proceeding absent Rule 54(b) certification.").[2]  Since Appellants filed their Notice of Appeal of the Order Dismissing Additional Claims less than fourteen (14) days after entry of the Bankruptcy MSJ Order, which resolved the remaining claims against Debtors, and the non-suit of Appellants' claims against Trius, the Order Dismissing Additional Claims became final at that point and the appeal of such order was timely, pursuant to Bankruptcy Rule 8002.

20.     All of Appellants' claims against Debtors and their bankruptcy estates are final and ripe for appeal.  In light of the prior orders of the Bankruptcy Court and the nonsuit of Trius

---

[2] In addition, the Bankruptcy Court did not certify the Order Dismissing Additional Claims pursuant to Rule 54(b) for appeal.

by Appellants from the Adversary Proceeding, all of the claims asserted by Appellants against Debtors and Trius have been resolves.  The remaining final judgment against Trius, potentially at some point in the future, on the unrelated claims by Debtors should not change the finality of the Bankruptcy Court's existing orders on Appellants' claims against the Debtors.  Trius has never appeared in the Adversary Proceeding or these appeals, and, at this point, Trius is unlikely to do so.  Based upon the above cited language from the Default Judgment, it does not appear that the Bankruptcy Court will enter a final default judgment against Trius until this appeal is ultimately resolved.

21.     Accordingly, this appeal should proceed as it relates to the claims asserted by Appellants to a final adjudication.  Otherwise, the Bankruptcy Court may be waiting around for a "final determination of liability by this Court" (as stated in the Default Judgment) on appeal before the Bankruptcy Court enters a final default judgment against Trius on the claims asserted by Debtors.  In other words, until the Appellants claims are finally resolved on appeal and potentially tried before the Bankruptcy Court on remand, a final default judgment against Trius on the Debtors' indemnity/contribution claims will not be entered and the parties will be at a standstill.

22.     Appellants respectfully request that the Court find that their Notice of Appeal of the Order Dismissing Additional Claims was timely, pursuant to Bankruptcy Rule 8002, and that the Order Dismissing Additional Claims is now a "final" order purposes pursuant to 11 U.S.C. § 158(a)(1).  Appellants additionally request that the Court enter an order finding that the appeal of the Order Dismissing Additional Claims has not been "docketed," pursuant to Bankruptcy Rule 8007(b), and that the "docketing" of the appeal shall occur at a later date, in the ordinary course of business, once the parties complete the appellate record as required by the Federal Rules of Bankruptcy Procedures and the local rules of this Court.

*Leave of Court to Appeal*

23.     Alternatively, if the Court deems the Order Dismissing Additional Claims as an interlocutory order, Appellants, in the abundance of caution, request leave of court to appeal this Order.  The Court may grant leave to appeal a bankruptcy court's interlocutory order pursuant to 28 U.S.C. § 158(a)(3).  *See In re Ichinose,* 946 F.2d 1169, 1177 (5th Cir. 1991).  Bankruptcy Rule 8003(a) sets forth the requirements for a motion for leave to appeal under 28 U.S.C. § 158(a).[3] While section 158(a) does not provide a standard for the District Court to determine whether interlocutory review is appropriate, most district courts have adopted the standard under 28 U.S.C. § 1292(b).  *See In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985).  Section 1292(b) requires three (3) elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose, 946* F.2d at 1177*; Rico v. Flores,* 481 F.3d 234, 238 (5th Cir. 2007).  Each of the requirements under 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003 are satisfied here, and therefore the Court should grant leave to appeal the Order Dismissing Additional Claims.

(a)     **A controlling issue of law involved in this matter**

24.     A question of law is controlling if the reversal of the lower court's decision would terminate the action. *See In re Enron Corp.,* 316 B.R. 767, 772 (S.D.N.Y. 2004); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Administrazione Straordinaria,* 921 F.2d 21, 24 (2[d] Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be controlling...it is clear that a

---

[3] Bankruptcy Rule 8003(a) provides as follows:
   A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.  Within 14 days after service of the motion, an adverse party may file with the clerk an answer in opposition.

question of law is 'controlling' if reversal of the district court's order would terminate the action.") A question of law is also deemed controlling when "it could materially affect the outcome of the case." *In re Ragle*, 395 B.R. 387, 395 (E.D. Ky. 2008). There is no question that appellate review of the Order Dismissing Additional Claims would have a direct and material affect on the litigation between the parties. The issues to be raised in this appeal are more fully set forth above and in the separately filed statement of appellate issues filed pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure. These issues involve the premature disposition of all claims and causes of action held by Appellants against the Debtors and therefore an affirmance or reversal of the Bankruptcy Court's orders will assuredly have a material impact on the outcome of this case.

25. Given the Bankruptcy Court's disposal of all of the live claims in the Adversary Proceeding, Appellants are now entitled to seek appellate review of the Bankruptcy Court's rulings. Otherwise, such orders will escape appellate review.

**(b)    The questions on appeal involve a substantial ground for difference of opinion**

26. The Bankruptcy Court's dismissal of Appellants' Additional Claims was based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bankruptcy Court's Order Dismissing Additional Claims dismissed the Additional Claims without giving Appellants' even the opportunity to present evidence in support of such claims. The Bankruptcy Court additionally did not even address Appellants' request for leave to amend their complaint. Therefore, Appellants should be granted an opportunity to fully brief the issues before this Court and to address same in the ordinary course of business.

27. There also is a substantial ground for difference of opinion as to whether the Trust Fund Statute under section 162.001 of the Texas Property Code applies to protect Appellants even after a new operator (*i.e.*, Appellees) is appointed. As cited in Appellants' brief opposing

the dismissal of the Additional Claims, the Texas Trust Fund Statute "is a remedial statute" and, therefore "courts must give it a broad construction to effectuate its protective purposes". *See Vulcan Materials Company v. Jack Rams, Inc.*, 157 B.R. 592, 597 (Bankr. W.D. Tex. 1993) (finding that the wording of the trust fund statute justified a broader application of statute to protect materialsmen at end of supply chain). Some courts, like the *Vulcan Materials* court, give very broad application to the statute to protect materialsmen. *See id.* Other courts limit the application of the statute against innocent third parties that receive trust funds in unrelated transactions. *See Park Environmental Equipment, Ltd. V. Texas Capital Funding, Inc.*, 102 S.W. 3d 243, 245 (Tex. App – Houston 2003, pet. denied) (finding innocent purchaser of accounts from general contractor could not be liable under Texas Trust Fund Act). There is also a substantial ground for difference of opinion as to whether a contract for drilling an oil and gas well is not a "construction contract" for purposes of the Texas Trust Fund Statute. *Compare Holley v. NL Indus. Acme Tool Co.*, 718 S.W. 2d 813 (Tex. App. – Austin 1986, writ ref'd n.r.e.) (finding Trust Fund Statute does not apply) *with Painter v. Momentum Energy Corp.*, 271 S.W. 2d 388 (Tex. App. – El Paso 2008, pet. denied) (finding Trust Fund Statute applies); and *Credeuer v. MJ Oil Inc.*, 123 Fed. Appx. 585 (5th Cir. 2004) (finding Trust Fund Statute applied) (unpublished).

### (c)    An immediate appeal will materially advance the ultimate termination of this litigation

28.    All of Appellants' claims against the Debtors have been resolved by prior orders of the Bankruptcy Court that, which orders were appealed to the District Court. Therefore, an immediate appeal of the Order Dismissing Additional Claims will allow this Court to promptly resolve the Order Dismissing Additional Claims in an effort to fully adjudicate this litigation. Appellants are separately prosecuting their appeal in the District Court of the Bankruptcy MSJ Order. It is contemplated that both of these appeals will eventually be consolidated.

29.     The appeal of the Bankruptcy Court's Order Dismissing Additional Claims in conjunction with the appeal of the Bankruptcy MSJ Order will result in appellate review of all of the Appellants' claims against the Debtors and their respective bankruptcy estates.

**WHEREFORE**, Appellants respectfully request that the Court find that the Order Dismissing Additional Claims is now a "final" order, appealable under 11 U.S.C. § 158(a)(1), and the Notice of Appeal of the Order Dismissing Additional Claims was timely filed,  pursuant to Bankruptcy Rule 8002.   Appellants additionally request that the Court enter an order providing that the appeal of the Order Dismissing Additional Claims has not been "docketed," pursuant to Bankruptcy Rule 8007(b), and the "docketing" of the appeal shall occur at a later date, in the ordinary course of business, once the Parties complete the appellate record as required by the Federal Rules of Bankruptcy Procedures and the local rules of this Court.  In the alternative, in the event the Court determines that the Order Dismissing Additional Claims is an interlocutory order, Appellants request that the Court grant leave to appeal such order, pursuant to 11 U.S.C. § 158(a)(3).  Appellants additionally request such other and further and relief to which they may show themselves justly entitled.

Respectfully submitted on this the 14th day of March, 2012.

                    By: _/s/ Micheal W. Bishop_____

Micheal W. Bishop, Esq.
Texas State Bar No. 02354860
H. Joseph Acosta, Esq.
Texas State Bar No. 24006731
LOOPER REED & McGRAW, P.C.
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 945-4135
Facsimile:  (214) 953-1332

-AND-

Stanley E. Crawford, Jr., Esq.
JOHNSTON & ASSOCIATES, P.C.
400 West Illinois, Suite 1600
Midland, TX 79701
Telephone: (432) 683-8844
Facsimile: (432) 683-8855

**ATTORNEYS FOR APPELLANTS
ENDEAVOR ENERGYRESOURCES, L.P.
AND ACME ENERGY SERVICES, INC.
D/B/A BIG DOG DRILLING AND D/B/A
RIG MOVERS EXPRESS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion to Determine has been electronically filed in the case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and forwarded via United States first class mail, postage prepaid to those parties in interest set forth below on this the 14th day of March, 2012.

Joe E. Marshall, Esq.
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659

Trius Energy, LLC
c/o Mike Carey, Registered Agent
3101 Bee Cave Road, Suite 301
Austin, Texas 78746

Trius Energy, LLC
c/o Michael D. Carey, Managing Member
9600 Great Hills Trail, Suite 150W
Austin, Texas 78759

Trius Energy, LLC
c/o Ryan C. Hudson, Managing Member
3637 Aquamarine Drive
Round Rock, Texas 78681

_/s/ H. Joseph Acosta_
H. Joseph Acosta