IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDEAVOR ENERGY RESOURCES L.P., *et al.*, | § § § § | |
| Appellants, | § § | |
| v. | § § | Civil Action No. 3:12-CV-0640-N |
| HERITAGE CONSOLIDATED L.L.C., *et al*, | § § § § | |
| Appellees. | § | |

# **ORDER**

This Order addresses Appellants Endeavor Energy Resources, L.P. and Acme Energy Services, Inc. d/b/a Rig Movers Express and d/b/a Big Dog Drilling's motion to determine that Appellants' appeal of the Bankruptcy Court's order on motion to dismiss additional claims asserted in amended complaint was timely filed with this Court, and/or alternatively request for leave to appeal under 28 U.S.C. § 158(A)(3) ("Motion for Leave to Appeal the Dismissal Order") [5] and motion to appeal under 28 U.S.C. § 158(a)(1), or, alternatively, request leave to appeal under 28 U.S.C. § 148(a)(3) ("Motion for Leave to Appeal the Summary Judgment Order") [1-1 *in* 3:12-CV-1109-N].[1]  For the reasons that follow, the Court denies Appellants' motions and dismisses the action.

---

[1]The appeals originally were two separate civil actions, 3:12-CV-0640-N and 3:12-CV-1109-N, but the Court consolidated the two into the present action [9].  All docket references not specifically denoted otherwise refer to the instant action, 3:12-CV-0640-N.

ORDER – PAGE 1

## I. ORIGINS OF THE APPEALS

In January 2011, Appellants filed an adversary proceeding in bankruptcy court against CIT Capital USA, Inc. ("CIT") and Debtors Heritage Consolidated, LLC and Heritage Standard Corporation [Bankr. Dkt. No. 1].[2] Debtors, in turn, filed a third-party complaint in the adversary proceeding against Trius Energy, LLC ("Trius") [Bankr. Dkt. No. 33]. Appellants then amended their complaint to, among other things, add claims against Trius [Bankr. Dkt. No. 73]. Appellants nonsuited CIT [Bankr. Dkt. No. 17] and Trius [Bankr. Dkt. No. 124] without prejudice. In December 2011, the Bankruptcy Court entered a default judgment against Trius on the Debtors' claims, but titled it "interlocutory" [Bankr. Dkt. No. 95]. The Bankruptcy Court explained that "[u]pon final determination of liability and Plaintiffs' Recovery upon motion by the Debtors, the Court shall enter a final judgment against Trius in the total amount of Plaintiffs' Recovery and Debtors' Fees and Costs, plus pre- and post-judgment interest . . . ."

Here, Appellants seek to appeal two subsequent orders by the Bankruptcy Court: a February 10, 2012 order granting a motion to dismiss certain of their claims [Bankr. Dkt. No. 117], as well as a February 17, 2012 order granting summary judgment against them [Bankr. Dkt. No. 120]. Appellants filed notices of appeal in the Bankruptcy Court on March 1, 2012 [Bankr. Dkt. Nos. 125, 126]. The Clerk of the Bankruptcy Court transmitted the bankruptcy records to this Court along with a notice indicating that Appellants untimely filed their appeal

---

[2]All bankruptcy docket references refer to *Endeavor Energy Resources, L.P., et al. v. Heritage Consolidated, L.L.C., et al.*, Adversary No. 11-03047-HDH (Bankr. N.D. Tex. filed Jan. 28, 2011).

of the order on the motion to dismiss [1]. Appellants filed the instant motions on March 14, 2012 seeking orders designating both appeals as timely or in the alternative moving for an order extending the time within which to appeal. As of the date of this Order, the Bankruptcy Court has not entered a final judgment in the adversary proceeding.

## II. STANDARD FOR BANKRUPTCY APPEALS

A notice of appeal of a bankruptcy court order is timely if filed with the Clerk of the Bankruptcy Court within fourteen (14) days of the date of the order. FED. R. BANKR. P. 8002. Where a party seeks to appeal an interlocutory order, it should also file a motion for leave to appeal within the same time period. *See id.* at 8.001(b). Where the party does not file the required motion for leave to appeal but timely files a notice of appeal, the district court may construe the notice as a motion for leave to appeal. *See id.* at 8003. If a party does not timely file a notice of appeal, a federal district court does not have jurisdiction over the appeal. *See Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874 (5th Cir. 1988) ("This [Bankruptcy Rule 8002(a) fourteen-day] requirement is jurisdictional and cannot be waived." (citing *Matter of Tex. Extrusion Corp.*, 844 F.2d 1142, 1154 (5th Cir. 1988))).

When considering a motion for leave to appeal, a court in this Circuit may consider 28 U.S.C. § 1292(b)'s requirements that (1) the bankruptcy court's order involves a controlling issue of law, (2) the question is one where there is substantial ground for difference of opinion, and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *See, e.g.*, *Lapham v. Kaye (In re Avado Brands, Inc.)*, 2007 WL 2241660, at *2 (N.D. Tex. 2007) (Fish, J.) (noting that the Fifth Circuit applied section

1292(b) in *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1993), although it refused to affirmatively articulate section 1292(b) as the Circuit's standard). The general policy of the federal courts is to disallow interlocutory appeals unless there are circumstances present that justify overriding that policy. *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (Sanders, J.) (stating same and noting that interlocutory appeals interfere with the overriding goal of the bankruptcy system – expeditious resolution of pressing economic difficulties).

### III. THE COURT LACKS JURISDICTION TO CONSIDER APPELLANTS' MOTION FOR LEAVE TO APPEAL THE DISMISSAL ORDER

Appellants concede that the order granting the motion to dismiss was an interlocutory order. *See* Mot. Leave Appeal Dismissal Order ¶ 14. They argue that the Court has jurisdiction to take the appeal, however, because the subsequent summary judgment order was a final order, making both orders appealable. Appellants are incorrect. The Bankruptcy Court has not issued a final judgment in the adversary proceeding, and as such, the dismissal order remains interlocutory.

This Court has the authority to grant leave to appeal interlocutory orders of bankruptcy courts in its district under 28 U.S.C. § 158(a)(3). However, it does not have jurisdiction to do so where the motion is untimely because the time period requirement is jurisdictional. *Abraham*, 861 F.2d at 874; *see also Vazquez Laboy v. Doral Mortg. Corp. (In re Vazquez Laboy)*, 647 F.3d 367, 373 (1st Cir. 2011) (applying Rule 8002(a) time limit to interlocutory bankruptcy appeals); *Michel v. Fisher (In re Lake States Commodities, Inc.)*, 185 B.R. 259, 261 (Bankr. N.D. Ill. 1995) (same); *Am. Freight Sys., Inc. v. W.A. Walker &*

*Assocs., Inc. (In re Am. Freight Sys., Inc.)*, 153 B.R. 316, 319 (Bankr. D. Kan. 1993) (noting same and stating that a timely notice of appeal is a prerequisite to the Court's consideration of a motion for leave to appeal). Because Appellants filed their notice of appeal more than fourteen days after the date of the order granting the motion to dismiss, this Court has no jurisdiction over the interlocutory appeal. Accordingly, the Court denies Appellants' motion for leave to appeal the dismissal order.

### IV. THE COURT DENIES THE MOTION FOR LEAVE TO APPEAL THE SUMMARY JUDGMENT ORDER

As discussed above, because the Bankruptcy Court has not issued a final judgment in the underlying adversary proceeding, the summary judgment order is interlocutory. Thus, the Court analyzes whether it should grant Appellants leave to appeal that interlocutory order.

Appellants timely filed their notice of appeal of the summary judgment order. Because the summary judgment order was interlocutory, the Bankruptcy Code required Appellants to file a motion for leave to appeal concurrently with their notice. However, the Court will construe their notice of appeal as a timely motion for leave to appeal, FED. R. BANKR. P. 8003(c); *see Midwest Props. No. Two v. Big Hill Inv. Co., Inc.*, 93 B.R. 357, 359-60 (N.D. Tex. 1988) (Mahon, J.), and will consider the arguments asserted in Appellants' March 14 motion for leave to appeal the summary judgment order.

First, Appellants do not identify the issues of law that they assert are controlling in the summary judgment order. Instead, they merely state that the summary judgment order resolved "remaining claims" against the Debtors and the Debtors' estates. *See* Mot. Leave

Appeal Summ. J. Order ¶¶ 22-23.  Without more, the Court cannot determine that the attempted appeal involves a controlling issue of law.  Next, although from the face of their motion Appellants have made a case regarding the existence of substantial ground for difference of opinion, *see* Mot. Leave Appeal Summ. J. Order ¶ 25, Appellants have not shown that an immediate appeal will materially advance the ultimate termination of the litigation.  Appellants argue that the dismissal order and the summary judgment order resolved all of their claims against the Debtors, and thus, an appeal of those issues will advance the termination of the litigation.  *See id.* at ¶ 26.  However, this is not the case here, where the Court has denied Appellants' motion for leave to appeal the dismissal order.  Instead, if the Court were to entertain the summary judgment appeal, piecemeal litigation would result.  Judicial economy and efficiency counsel against this outcome.  Likewise, the policy against interlocutory appeals absent circumstances not present here militates against protracted and discontinuous proceedings.  Accordingly, the Court denies Appellants' motion for leave to appeal the summary judgment order.

## CONCLUSION

The Court denies both motions, dismisses the action, and orders the action remanded to the Bankruptcy Court.  Appellants are free to renew their appeals after the Bankruptcy Court enters a final judgment in the underlying adversary proceeding.

Signed June 11, 2012.

_____
David C. Godbey
United States District Judge